# 99 DTA 189

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I - SAN JUAN**
**PANEL III**

JUAN R. FLORIO PONCE
Recurrido

v.

AMERICAN FOREIGN UNDERWRITERS, INC.
Recurrente

CORPORACION DEL FONDO DEL SEGURO DEL ESTADO
Recurrido

Núm. KLRA-98-00767

San Juan, Puerto Rico, a 20 de mayo de 1999

Panel integrado por su Presidente, el Juez Arbona Lago
y los Jueces Brau Ramírez y Urgell Cuebas

Brau Ramírez, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

**I**

La parte recurrente, American Foreign Underwriters, Inc. (American Foreign Underwriters), solicita la revisión de una resolución emitida el 15 de septiembre de 1998 por la Comisión Industrial de Puerto Rico en el procedimiento sobre solicitud de beneficios presentado por el obrero Juan R. Florio Ponce, empleado de la recurrente.

Mediante el dictamen en cuestión, la Comisión se declaró sin jurisdicción sobre una solicitud de reconsideración presentada por la parte recurrente para revisar la determinación de la parte recurrida, Fondo del Seguro del Estado, de que la recurrente no era un patrono asegurado a la fecha del accidente sufrido por su

empleado.

La parte recurrente solicitó reconsideración del referido dictamen, la que no fue acogida por la agencia.

Mediante resolución emitida el 10 de febrero de 1999, concedimos término a la parte recurrida para comparecer y mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la resolución recurrida. El término concedido ha transcurrido.

Procedemos según lo intimado.

## II

Según surge de los autos, la parte recurrente es una corporación dedicada a hacer negocios en Puerto Rico con oficinas en San Juan, Puerto Rico. Para la fecha pertinente a la presente controversia, el Sr. Juan Florio Ponce era empleado de la corporación. Según la recurrente, el Sr. Florio Ponce se dedicaba al mantenimiento de edificios y a labores de carpintería.

Para la fecha en cuestión, la recurrente había pagado las primas por seguro sobre accidentes de trabajo para sus empleados al Fondo del Seguro del Estado. Sin embargo, no obstante, las funciones mencionadas del Sr. Florio Ponce, por un alegado *"error clerical"*, en los formularios correspondientes cumplimentados por la recurrente se incluyó a éste bajo la categoría de cobradores y mensajeros, por lo que dicho empleado no aparecía asegurado en los récords del Fondo contra el riesgo de accidentes en la conservación de edificios.

El 16 de mayo de 1990, el Sr. Florio Ponce sufrió un accidente de trabajo consistente en que se cayó de una escalera mientras realizaba sus labores en un edificio en Guaynabo, Puerto Rico. El Sr. Florio Ponce sufrió un derrame cerebral y fractura en la clavícula y las costillas, además de otros traumas. Posteriormente desarrolló una condición emocional.

El obrero acudió al Fondo del Seguro del Estado. El Fondo determinó que el accidente estaba relacionado al empleo y procedió a ofrecerle tratamiento al Sr. Florio Ponce. Luego de varios meses, el empleado fue parcialmente dado de alta por el Fondo el 15 de julio de 1991, pero continuó en tratamiento para algunas de sus condiciones.

El 24 de diciembre de 1991, el Fondo notificó a la recurrente que el Sr. Florio Ponce no aparecía asegurado para el riesgo de conservación de edificios por lo que se consideraba a American Foreign Underwriters un patrono no asegurado con relación al accidente sufrido por el empleado el 16 de mayo de 1990.

El 16 de enero de 1992, el presidente de American Foreign Underwriters envió una carta al Fondo donde le solicitaba reconsideración a dicha agencia de su determinación de que la recurrente era un patrono no asegurado, alegando que el Sr. Florio Ponce siempre se había desempeñado en el área de conservación de edificios para la recurrente y que se había tratado de un error clerical en los formularios sometidos.

El 27 de enero de 1992, el Fondo indicó que había referido la solicitud de reconsideración de American Foreign Underwriters a la División de Servicios Legales y que pronto se tomaría una decisión al respecto.

El 14 de octubre de 1992, mientras la determinación sobre el status de patrono no asegurado de la recurrente se hallaba pendiente, el Fondo emitió una nueva decisión en torno a la condición del obrero reclamante, fijándole una incapacidad de cinco porciento (5%) en sus funciones fisiológicas generales por disartria y diez porciento (10%) de sus funciones fisiológicas generales por su condición emocional. La recurrente no participó ni fue

escuchada con respecto a esta determinación.

El Sr. Florio Ponce apeló a la Comisión sobre el porciento de incapacidad concedido, sin tampoco notificar a la parte recurrente.

La Comisión devolvió el caso al Fondo para que reevaluara la incapacidad concedida. El 11 de octubre de 1993, el Fondo aumentó el porciento de incapacidad concedido a cincuenta porciento (50%) de las funciones generales. La recurrente no fue notificada de estos procedimientos.

El Sr. Florio Ponce fue dado de alta el 7 de julio de 1993. El 15 de abril de 1994, el Fondo notificó a la recurrente que ésta adeudaba la cantidad de $27,850.00 por concepto de gastos del tratamiento del obrero.

A la fecha en que el Fondo notificó a la recurrente de la mencionada liquidación de gastos, no surge que dicha agencia hubiera adjudicado la solicitud de reconsideración presentada por el presidente de la recurrente el 16 de enero de 1992 aunque, por el envío de la notificación anterior, se entiende que la misma resultó implícitamente denegada.

La parte recurrente apeló de la liquidación de gastos el 16 de mayo de 1994 alegando, entre otras cosas, que no se le había brindado la oportunidad de ser escuchada en torno a la incapacidad del recurrente e impugnando, por excesivos, los gastos incurridos por la agencia en el tratamiento del obrero.

El 7 de junio de 1994, mientras este trámite se hallaba pendiente, la Comisión aumentó la incapacidad del obrero a cien por ciento (100%) de sus funciones fisiológicas generales. De conformidad con lo anterior, el 17 de enero de 1996, el Fondo notificó a la recurrente una segunda liquidación de gastos por la cantidad de $20,896.80.

El 30 de enero de 1996, la recurrente apeló esta nueva determinación, alegando nuevamente que no se le había brindado la oportunidad de ser escuchada y de participar en los procedimientos.

De primera intención, la Comisión se declaró sin jurisdicción para entender en el recurso mediante resolución del 24 de septiembre de 1996. Esta determinación fue reiterada mediante resolución emitida el 14 de noviembre de 1996.

Ahora bien, el 2 de diciembre de 1996, la Comisión procedió a reconsiderar y dejar sin efecto los dictámenes anteriores, toda vez que no se le había brindado una vista a la recurrente.

No obstante, el 15 de septiembre de 1998, luego de otros incidentes y sin haber aún celebrado la vista contemplada por su resolución del 2 de diciembre de 1996, la Comisión emitió la resolución recurrida, declarándose nuevamente sin jurisdicción para entender en las solicitudes de apelación de la recurrente.

En su resolución, la Comisión Industrial observó que la parte recurrente no había solicitado revisión de la determinación del Fondo del Seguro del Estado, tomada el 24 de diciembre de 1991, de que la recurrente no era un patrono asegurado dentro del término de treinta (30) días dispuesto para ello por el art. 9 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 11.

La Comisión entendió que la solicitud de reconsideración enviada por el Presidente de la compañía el 16 de enero de 1992 resultaba inoficiosa y que la misma no había interrumpido el mencionado término jurisdiccional para recurrir. Concluyó que su resolución del 2 de diciembre de 1996 había sido inexacta, por cuanto carecía de jurisdicción para entender en el asunto y procedió a desestimar las apelaciones de la recurrente.

Insatisfecha, American Foreign Underwriters acudió ante este Tribunal.

## III

En su recurso, la parte recurrente plantea que erró la Comisión Industrial al no reconocer que el Fondo del Seguro del Estado tenía facultad para entender en una reconsideración sobre la determinación de que la recurrente era un patrono no asegurado y al declararse sin jurisdicción en torno a las apelaciones presentadas por la recurrente, privando a ésta de su derecho a un debido procedimiento de ley.

Según hemos visto, la Comisión basó su dictamen en el art. 9 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 11, el cual, en su parte pertinente, dispone que:

*"En los casos de patronos no asegurados tanto el obrero como el patrono podrá acudir a la Comisión Industrial una vez declarado no asegurado el patrono por el Administrador, teniendo el patrono un término de 30 días para apelar de la decisión del Administrador declarándolo no asegurado, y el caso podrá ser visto por un Comisionado de la Comisión Industrial."*

En la situación de autos, el Fondo notificó a American Foreign Underwriters que dicha parte era un patrono no asegurado el 24 de diciembre de 1991. La parte recurrente no apeló a la Comisión de dicho dictamen dentro del término establecido de treinta días.

Ahora bien, según se desprende del recurso, la parte recurrente sí solicitó reconsideración al Fondo de esta determinación el 16 de enero de 1992. Esta solicitud fue acogida por el Fondo el 27 de enero de 1992.

Aunque este trámite no está expresamente contemplado por la Ley de Compensaciones por Accidentes del Trabajo, el Tribunal Supremo de Puerto Rico ha reconocido la facultad inherente del Fondo para reconsiderar sus determinaciones sobre patrono no asegurado. *Kelly Temporary Services v. Fondo del Seguro del Estado,* ___ D.P.R. ___ (1997), **97 J.T.S. 5**, a la pág. 491. Este trámite no tiene un término específico fijado en ley sino que está sujeto a *"los principios básicos de equidad y razonabilidad."*

En la situación de autos, la solicitud de reconsideración de la recurrente fue presentada antes de que hubiera expirado el término para recurrir a la Comisión y hubiera advenido final y firme la determinación del Fondo. La solicitud de reconsideración fue acogida por la agencia, quien no actuó sobre la misma, sino que la denegó tácitamente al notificar a la recurrente sobre la primera liquidación de gastos el 15 de abril de 1994. La parte recurrente apeló oportunamente de esta última actuación, así como de la segunda liquidación notificada el 17 de enero de 1996. En estas circunstancias, debemos concluir que el error fue cometido y que la Comisión gozaba de jurisdicción para entender en el recurso de la recurrente.

En cualquier caso, aun si la parte recurrente no hubiera podido cuestionar la determinación del Fondo sobre patrono no asegurado, dicha parte tenía derecho a cuestionar la prueba médica en torno a la incapacidad del obrero y a ser escuchada sobre la razonabilidad de los gastos incurridos. El art. 15 de la Ley, en este sentido, expresamente dispone que la Comisión *"dará tanto al patrono como al obrero o empleado, en el caso, oportunidad de ser oídos y defenderse, ajustándose en lo posible a las prácticas observadas en el Tribunal Superior."* 11 L.P.R.A. sec. 16; véase, también *id.* (*"se deberá ofrecer al patrono la oportunidad de contradecir la prueba médica, si así lo deseare, y en ese caso el patrono podrá acudir a la Comisión Industrial ..."*).

En *Santiago Mitchell v. Corp. Fondo del Seguro del Estado,* ___ D.P.R. ___ (1996), **96 J.T.S. 106**, el Tribunal Supremo de Puerto Rico resolvió, interpretando el citado artículo 15 de la Ley, que cuando un patrono no asegurado niega su responsabilidad por el accidente, la jurisdicción para ventilar el asunto le corresponde a la

Comisión Industrial, quien viene obligada a ofrecer al patrono las garantías mínimas del debido proceso de ley, incluyendo una notificación adecuada de los fundamentos de la decisión del Fondo y la oportunidad de ser oído. *Id.*, **96 J.T.S. 106**, a las págs. 5-6. El Tribunal señaló que la Ley no establece un término para que el patrono acuda a la Comisión Industrial o para que el Fondo refiera el asunto. *Id.*, a la pág. 4.

En la situación de autos, la recurrente no sólo cuestiona la determinación del Fondo de que la recurrente era un patrono no asegurado sino que impugnó la cuantía de los gastos que se le están cobrando, reclamando su derecho a ser escuchada sobre este particular. Claramente, la Comisión Industrial es el foro competente para dilucidar lo anterior. *Santiago Mitchell v. Corp. Fondo del Seguro del Estado, supra.*

Aunque la Ley no establece un término específico para recurrir, la recurrente acudió ante la Comisión dentro de los treinta (30) días de haber sido notificada de cada una de las dos liquidaciones. En estas circunstancias, procedía que dicho foro adjudicara su recurso.

Por los fundamentos expresados, se expide el auto solicitado y se revoca la resolución recurrida. Se devuelve el asunto ante la Comisión Industrial para que proceda a la adjudicación en sus méritos de los planteamientos de la recurrente, brindando a ésta las garantías procesales pertinentes.

Lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General